THE WIDOW AND HEIRS OF BENJAMIN POYDRAS DE LA LANDE, PLAINTIFFS IN ERROR, *v.* THE TREASURER OF THE STATE OF LOUISIANA.

The laws of Louisiana impose a tax of ten per cent. upon what an heir, legatee, or donee may receive upon the succession to an estate of a person deceased, where such heir, legatee, or donee is not domiciliated in Louisiana, and is not a citizen of any State or Territory of the Union. They also provide that the executor, &c. shall pay the tax.

Where the state court decided that this tax was properly imposed upon the succession accruing to persons who were born in France, had always lived in France, without ever having been in Louisiana, this is not such a decision as can be reviewed by this court under the 25th section of the judiciary act.

No question was made in the court below that these laws conflicted with any provision of the constitution of the United States. In a petition for rehearing, several grounds were alleged as reasons for granting it; but the record does not show why the court refused it.

THIS case was brought up from the supreme court of Lou-

isiana, by a writ of error issued under the 25th section of the judiciary act.

The case is stated in the opinion of the court.

It was argued by *Mr. Janin*, for the plaintiffs in error, and *Mr. Benjamin*, for defendant.

*Mr. Janin* made the following points:—

It is important to ascertain what points the supreme court of Louisiana really decided, for upon this depends the jurisdiction of this court. The decision turned principally upon the construction of the statutes of 1842 and 1850, and sums up a review of these statutes in the following words: "From this view of the statute, we conclude that the tax attaches not only to property falling to alien heirs, who are non-residents, but also to the property falling to citizens of our own State who reside abroad."

(*Mr. Janin* contended that under the 911, 912, 913, and 914th articles of the Code of Practice, a decision upon a petition for rehearing could be reviewed by this court.)

The Louisiana statutes, as expounded by the supreme court of the State, are contrary to two provisions of the constitution of the United States, namely:—

" Art. IV. sect. 2. The citizens of each State shall be entitled to all privileges and immunities of citizens in the several States."

" Art. I. sect. 8. The congress shall have power to regulate commerce with foreign nations, and among the several States, and with the Indian tribes." 4 Wash. C. C. R. 380; Story on the Constitution, § 1806; 9 Wheat. 190.

*Mr. Benjamin* contended that the record did not show that the questions stated in the 25th section arose in the case, much less that they were decided as that section requires. A petition for rehearing can bring up no new question. 6 La. R. 193; 19 La. R. 48; 1 Rob. R. 330; 1 Annual, 406.

The defence in the state court assumed the position, that the state law, properly construed, applies only to heirs alien and non-resident, and alleged that the defendants were citizens of Louisiana and residents. The court, without determining whether defendants were citizens of Louisiana or not, held, that the proper construction of the law embraced them as non-residents, whether they were citizens of Louisiana or of France.

The alleged error is that, if the defendants are citizens of Louisiana, and if the court construed the statute aright, then the statute is unconstitutional. But the court below did not decide the defendants to be citizens of Louisiana, and this court therefore cannot examine the first question suggested, and it is equally without power to examine the second question, being without

jurisdiction to revise a decision of a state court for error in the construction of a state statute.

The question of the jurisdiction of this court, in cases similar to the present, was again very recently passed on by the court, and its former decisions reviewed and affirmed, in a case from Louisiana, which cannot be distinguished in principle from the one now under consideration.

Grand Gulf Co. *v.* Marshall, 12 How. 166, and other cases still later, affirm the previous jurisprudence. Lawler et al. *v.* Walker et al. 14 How. 153; Robertson *v.* Coulter, 16 How. 106.

Mr. Justice McLEAN delivered the opinion of the court.

This is a writ of error to the supreme court of Louisiana.

The treasurer of the State of Louisiana instituted a suit in the second district of New Orleans, claiming, in behalf of the State, a tax of ten per cent. on the amount of the succession of Benjamin Poydras de la Lande, inherited by persons alleged to be citizens and residents of France.

This tax was claimed by virtue of two acts of the legislature of Louisiana, one passed on the 26th of March, 1842, which provided " that each and every person, not being domiciliated in this State, and not being a citizen of any State or Territory of the Union, who shall be entitled—whether as heir, legatee, or donee—to the whole or any part of the succession deceased, whether such person shall have died in this State or elsewhere, shall pay a tax of ten per cent. on all sums, or on the value of all property which he may actually receive, or so much thereof as is situated in this State."

The 76th section of the act of March 21, 1850, provides, that " every executor, curator, tutor or administrator, having the charge or administration of succession property belonging in whole or in part to a person residing out of this State, and not being a citizen of any other State or Territory of the United States, shall be bound to retain in his hands the amount of the tax imposed by law, and to pay over the same to the state treasurer."

Benjamin Poydras, an old and wealthy naturalized citizen of Louisiana, having died in 1851, in France, leaving a widow and three minor children in that country, the treasurer of the State of Louisiana filed, on the 27th of February, 1852, a petition in the second district court of New Orleans against the widow, as tutrix of her minor children, claiming ten per cent. on the amount of the property left by the deceased in Louisiana. The grounds for this claim, as alleged in the petition, are, " that the said tutrix, as well as her said minor children, are all citizens of France, and reside in that country."

The answer of the defendants denied their liability for the payment of the tax, alleging that they were citizens of the State of Louisiana, legally domiciliated therein. The lower court gave judgment for the State, which judgment, on appeal, was affirmed by the supreme court of the State.

This being a writ of error, under the 25th section of the judiciary act of 1789, the defendant in error insists that there is no jurisdiction. That section provides, that on " a final judgment or decree in any suit in the highest court of law or equity in which a decision in the suit could be had, where is drawn in question the validity of a treaty or statute of, or an authority exercised under, any State, on the ground of their being repugnant to the constitution or laws of the United States, and the decision is in favor of such their validity, may be reëxamined, and reversed or affirmed in the supreme court of the United States, upon a writ of error."

In the petition, the respondents are alleged to be citizens and residents of France. In their answer, they allege, that the deceased, in the year 1804, settled in Louisiana, and became a citizen of the United States, and maintained his residence and citizenship in Louisiana; that his last visit to France was intended to be temporary, but he was involved in lawsuits in that country for years, though he intended to return to Louisiana, and would have done so, had he not died. During his absence he acquired a large amount of property in Louisiana, and he continued to express his determination to return to that country during his life. And they alleged that they were citizens of the State of Louisiana.

In the final judgment in the lower court, the judge says:—
" The deceased was a French subject, who was born and died in France; and his heirs, now residents and natives of France, who have never been in this State, claim his estate. It appears to me that they came within the purview of the act of 1842." A judgment for $45,208.80 and costs of suit was entered against the defendants. An appeal was taken to the supreme court of the State, where the judgment of the inferior court was affirmed.

It does not appear from the pleadings, and procedure in the inferior or in the supreme court, that the question was made whether the acts of 1842 and 1850 were in conflict with any provision of the constitution of the United States.

The supreme court held, that the tax in question " attaches not only to property falling to alien heirs, who are non-residents, but also to the property falling to citizens of our own State residing abroad." And they say the object of the law is to discourage absenteeism. The court held that neither the act of

1842 nor that of 1850 is repugnant to the 187th article of the constitution of the State, of 1845.

Up to the final judgment in this case, in the supreme court of Louisiana, no question was raised by the counsel nor decided by the court, involving the constitutionality of either of the acts before us, under the constitution of the United States. Indeed, this is not asserted by the counsel; but it is contended that such a question was raised and decided on the petition for a rehearing. If this were admitted, does it bring the case within the 25th section? It must appear from the record, that one or both the acts referred to are not only repugnant to some provision of the constitution of the United States, but that the point was presented to the court, and it decided in favor of the unconstitutional act or acts.

The points, which the defendants requested the court to review, were:—

1. That a citizen of Louisiana, whether native or naturalized, who absents himself, even for temporary purposes, from the State for more than two years, thereby loses his domicile and residence, and is bound to pay to the State ten per cent. on any inheritance, legacy, or donation to which he may be entitled as intestate or under a will, if the estate of which he is heir and legatee is opened in the State after his aforesaid absence of more than two years; but that he would not be liable to this tax, if during his absence he had become a citizen of another State or Territory of the Union.

2. That the act of March 26, 1842, which establishes the tax of ten per cent. upon foreign non-resident heirs, is not contrary to the 12th article of the constitution of 1845.

3. That Benjamin Poydras, by his prolonged residence in France, during the latter part of his life, had lost his domicile in Louisiana.

In neither of the above grounds is there an intimation of any conflict with the federal constitution in the decision. Whether there was a repugnancy between the tax-acts and the state constitution, is a matter which belongs, exclusively, to the state court.

The court refused the rehearing, on what ground does not appear.

This court can exercise no appellate power over the supreme court of a State, except in a few specified cases; and the ground of jurisdiction must be stated with precision, and the ruling of the court to bring the case under the 25th section must appear, on the record, to have been against the right claimed. Any reason assigned for a rehearing or a new trial is not sufficient.

The case is dismissed for want of jurisdiction.